

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record for Defendants:
    Mary A. Smith
    Jennifer Papas

12 CV 1304

JUDGE ENGELMAYER

-----------------------------------------------------x

DAWN SILVERA-NDURE,

                         Plaintiff,

Civil Case No.:

-against-

ECF Case:

CABRINI ELDERCARE CONSORTIUM,
INC. & CABRINI OF WESTCHESTER,

                       Defendants.

-----------------------------------------------------x

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

TO:    David Abrams, Esq.
        299 Broadway, Suite 1700
        New York, New York 10007
        Attorney for Plaintiff

        PLEASE TAKE NOTICE that Defendants, CABRINI ELDERCARE

CONSORTIUM, INC. & CABRINI OF WESTCHESTER (hereinafter collective referred to

as "Defendants"), hereby remove the above-captioned action from the New York State Supreme

Court for the County of New York, in which it is now pending, to the United States District

Court for the Southern District of New York. Removal is proper for the following reasons:

        1.      On or about December 29, 2011, Plaintiff filed a Summons and Complaint

in the New York State Supreme Court for the County of New York, entitled *Dawn Silvera-*

*Ndure v. Cabrini Eldercare Consortium, Inc. & Cabrini of Westchester,* as Index No. 114584/2011.

       2.     True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A."

       3.     Defendants were served with the Summons and Complaint on or about February 3, 2012. Thus, the Notice of Removal is filed within thirty (30) days after receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b).

       4.     Defendants have not yet responded to the Complaint, and the time in which to do so has not yet expired. No further substantive proceedings have taken place in the New York Supreme Court for the County of New York since receipt of the Summons and Complaint.

       5.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it is founded on a claim arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964. (Complaint ¶¶1, 15-18). As such, it is an action which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a).

       6.     Plaintiff alleges that Defendants "violated Title VII of the Civil Rights Act of 1964 in that it harassed and discriminated against Ms. Silvera-Ndure on the basis of religion and marital status." (Complaint ¶¶ 18).

       7.     Since this Court has original jurisdiction over this action because it is founded on a claim arising under the laws of the United States, this Court may remove the entire case and determine all issues pursuant to 28 U.S.C. § 1441(c).

       8.     Defendants submit this Notice of Removal without waiving any defenses

to the claims asserted by Plaintiff or conceding that Plaintiff has pled any claims upon which relief may be granted.

        9.      Venue lies in the United States District Court for the Southern District of New York because Plaintiffs state court action was filed and is pending in the New York State Supreme Court for the County of New York, which is within this judicial district. 28 U.S,C. § 1441(a).

        10.     Pursuant to 28 U.S.C.§ 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County and will serve a copy on Plaintiff's counsel.

        11.     As all of the requirements of 28 U.S.C. § 1441 are met, and no more than thirty (30) days have elapsed since Defendants were served with the Complaint, Defendants desire and hereby request that this entire action be removed to this Court as permitted by law.

                          Respectfully submitted,

                          JACKSON LEWIS LLP
                          One North Broadway, Suite 1502
                          White Plains, New York 10601
                          Telephone (914) 328-0404
                          Facsimile (914) 328-1882

By:   *Mary A Smith*
                          Mary A. Smith
                          Jennifer Papas

                          *Attorneys for Defendants Eldercare Consortium, Inc. & Cabrini of Westchester*

Dated: February 21, 2012
       White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DAWN SILVERA-NDURE,

                                   Plaintiff,

        -against-

CABRINI ELDERCARE CONSORTIUM,                    Civil Case No.:
INC. & CABRINI OF WESTCHESTER,

                                   Defendants.

------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants

Cabrini Eldercare Consortium, Inc. & Cabrini Of Westchester's Notice Of Removal To The

United States District Court For The Southern District Of New York has been served via

FedEx this 21st day of February, 2012, to Plaintiff at the address listed below:

David Abrams, Esq.
299 Broadway, Suite 1700
New York, New York  10007
Attorney for Plaintiff


_____
Jennifer Papas

# EXHIBIT

# "A"

State of New York - Department of State
Division of Corporations

Party Served:
 CABRINI OF WESTCHESTER

Plaintiff/Petitioner:
 SILVERA-NDURE, DAWN

CABRINI OF WESTCHESTER
115 BROADWAY
DOBBS FERRY,  NY 10522

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 02/03/2012 pursuant to SECTION 306 OF THE NOT-FOR-PROFIT
CORPORATION LAW.  This copy is being transmitted pursuant to such statute to
the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------

Dawn ~~Silera-Ndure~~,
         Silvera-Ndure,

              Plaintiff,

    -against-

Cabrini Eldercare Consortium, Inc. &
Cabrini of Westchester,

              Defendants.

-------------------------------------------------------------

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**SUMMONS**

Index No. 114584 12011

Plaintiffs designate New York
County as the place of trial

The basis of venue is
Defendant's
Residence

Defendant resides at:
542 E. 5th Street
New York, NY 10009

**To the above named Defendant**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
           December 29, 2011

                               David Abrams, Attorney at Law
                               Attorney for Plaintiffs
                               299 Broadway, Suite 1700
                               New York, New York  10007
                               (212) 897-5821

NEW YORK
COUNTY CLERK'S OFFICE

DEC 29 2011

NOT COMPARED
WITH COPY FILE

FILED WITH THE CLERK OF THE COURT, _____ COUNTY ON _____

David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

Supreme Court of the State of New York
County of New York

NEW YORK
COUNTY CLERK'S OFFICE

DEC 29 2011

NOT COMPARED
WITH COPY FILE

---

Dawn Silvera-Ndure,                    )
                                       )
                    Plaintiff,         )
                                       )
            - against -                )        Index No.: 114584/2011
                                       )
Cabrini Eldercare Consortium, Inc. &   )
Cabrini of Westchester,                )
                                       )
                    Defendants.        )
                                       )

---

## COMPLAINT

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

### I.    Introduction

1.    This is an action for unlawful discrimination and harassment in violation of Title

VII of the Civil Rights Act of 1964 and state and local human rights laws.

### II.    Parties

2.    Plaintiff Silvera-Ndure is a natural person residing in the State of New York,

County of Westchester.

3.    Upon information and belief, Defendants Cabrini Eldercare Consortium, Inc. and

Cabrini of Westchester (collectively, the "Employer") are New York not-for-profit

corporations with principal places of business in the State of New York, counties of New York and Westchester.

**III.   Venue & Jurisdiction**

4.    Venue in New York County is appropriate in that Defendant Cabrini Eldercare Consortium, Inc. resides in New York County.

5.    Subject matter jurisdiction over this action exists in that the Supreme Court has general jurisdiction.

6.    Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

**IV.   Background**

7.    Upon information and belief, the Employer operates a nursing home.

8.    Ms. Silvera-Ndure was jointly employed by the Employer, including any predecessors in interest, until her employment ended in or about August of 2011.

9.    Many managers and supervisors of the Employer are observant Christians and are therefore opposed to divorce and to marriage between Christians and non-Christians.

10.   Ms. Silvera-Ndure, who is Christian, became divorced from her husband and married to a non-Christian.

11.   The Employer became aware of these facts and disapproved.

12.   The Employer harassed Ms. Silvera-Ndure on the basis of these facts, for example by repeatedly listing Ms. Silvera-Ndure on the schedule using her previous married name even though she asked to be listed under her subsequent name.  The Employer also lectured Ms. Silvera-Ndure about the "sin" of divorce and gave her anti-divorce materials.

13.    Ultimately the Employer discharged Ms. Silvera-Ndure for calling out sick. However, there were other employees of different marital status from Ms. Silvera-Ndure who had engaged in similar conduct but were not discharged.  Thus, upon information and belief, Ms. Silvera-Ndure was discharged and harassed based on marital status and/or religion.

14.    Further, the Employer denied Ms. Silvera-Ndure improvements in her schedule and reduced her hours.  Upon information and belief, this too was motivated by Ms. Silvera-Ndure's status.

### V.    Causes of Action and Demand for Relief

#### Count One: Violation Title VII of the Civil Rights Act of 1964

15.    The allegations contained in the preceding paragraphs are incorporated as if restated herein.

16.    The Employer was covered by Title VII of the Civil Rights Act of 1964 in that at all relevant times it had 15 or more employees.

17.    Ms. Silvera-Ndure duly obtained a notice of right to sue which is dated November 15, 2011.

18.    The Employer violated Title VII of the Civil Rights Act of 1964 in that it harassed and discriminated against Ms. Silvera-Ndure on the basis of religion and marital status.

#### Count II:    Violation of the New York State Human Rights Law

19.    The allegations contained in the preceding paragraphs are incorporated as if restated herein.

20.    The Employer was covered by the New York State Human Rights Law in that at all relevant times it had 4 or more employees.

3

21.     The Employer violated the New York State Human Rights Law in that it discriminated against and harassed Mr. Silvera-Ndure on the basis of religion and marital status.

WHEREFORE Ms. Silvera-Ndure demands judgment against the Employer in an amount not less then $100,000 for lost wages, compensatory damages, and punitive damages together with costs, fees, interest; and such other and further relief that the Court deems just.

Respectfully submitted,

David Abrams (DA-8126)
 Attorney for Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
Tel. 212-897-5821

Dated:        New York, NY
              December 28, 2011

4